# EXHIBIT A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
UNION PACIFIC RAILROAD COMPANY, and DOES 1 through 25,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
PATRICK MCDOWELL, an individual,

LY
CORTE)

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange
**12/29/2014** at 10:55:06 AM
Clerk of the Superior Court
By Joseph Villegas,Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California* (www.sucorte.ca.gov), *en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services,* (www.lawhelpcalifornia.org), *en el Centro de Ayuda de las Cortes de California,* (www.sucorte.ca.gov) *o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Orange County Superior Court
700 Civic Center Drive West
Santa Ana, Ca 92701

CASE NUMBER:
*(Número del Caso):*
30-2014-00763417-CU-WT-CJC
Judge Peter Wilson

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gould & Associates, 17822 E. 17th St., Suite 106, Tustin, Ca 92780; 714-669-2850; 714-544-0800

DATE: 12/29/2014 Alan Carlson, Clerk of the Court Clerk, by *(Secretario)* ____________, Deputy
*(Fecha)* *(Adjunto)*
Joseph Villegas

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:
under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:



Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Aarin A. Zeif (SBN 247088) and Michael A. Gould (SBN 151851)
Gould & Associates
17822 E. 17th St., Suite 106
Tustin, Ca 92780
TELEPHONE NO.: 714-669-2850 FAX NO.: 714-544-0800
ATTORNEY FOR (Name): Plaintiff

FOR COURT USE ONLY

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
12/29/2014 at 10:55:08 AM
Clerk of the Superior Court
By Joseph Villegas, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, Ca 92701
BRANCH NAME:

CASE NAME:
McDowell v. Union Pacific Railroad Company

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 30-2014-00763417-CU-WT-CJC |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: Judge Peter Wilson DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [✓] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (*not specified above*) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (*check all that apply*): a. [✓] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [✓] punitive
4. Number of causes of action (*specify*): 4
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015.*)

Date: December 17, 2014
Aarin A. Zeif
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller
    - Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
12/29/2014 at 10:55:06 AM
Clerk of the Superior Court
By Joseph Villegas, Deputy Clerk

Michael A. Gould (SBN 151851)
Michael@wageandhourlaw.com
Aarin A. Zeif (SBN 247088)
Aarin@wageandhourlaw.com
GOULD & ASSOCIATES
A Professional Law Corporation
17822 East 17th Street, Suite 106
Tustin, California 92780
Telephone: (714) 669-2850
Telecopier: (714) 544-0800

Attorneys for Plaintiff
Patrick McDowell

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF ORANGE**

PATRICK MCDOWELL, an individual,

Plaintiff,

v.

UNION PACIFIC RAILROAD COMPANY, and DOES 1 through 25,

Defendants.

**CASE NO.:** 30-2014-00763417-CU-WT-CJC
Judge Peter Wilson

**COMPLAINT FOR DAMAGES FOR:**

1. **FAILURE TO ACCOMMODATE IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT (*California Government Code* § 12940(m) et seq.;**

2. **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT (*California Government Code* § 12940(n) et seq.);**

3. **DISCRIMINATION IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT (*California Government Code* § 12940(a) et seq.;**

4. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**

**Unlimited Civil**
**Demand for Jury Trial**

Patrick McDowell (hereinafter referred to as "McDowell") alleges as follows:

## GENERAL ALLEGATIONS

1. McDowell at all relevant times hereinafter mentioned, was a resident of the County of Orange, State of California, and was employed by Defendant in the County of Orange, California.

2. McDowell is informed and believes, and thereon alleges, that Defendant Union Pacific Railroad Company was at all relevant times hereinafter mentioned, a corporation operating within the jurisdiction of the above-entitled court.

3. The true names and capacities of Defendants sued as Does 1 through 25, inclusive, whether individual, corporate, associate or otherwise are unknown to McDowell who is informed and believes, and thereon alleges, that these Doe Defendants, and each of them, are responsible in some manner and liable to McDowell for the injuries and damages alleged herein. McDowell will amend the Complaint to show their true names and capacities when they have been ascertained.

4. McDowell is informed and believes, and thereon alleges, that each of the Defendants were the agents, employees and representatives of the other Defendants and in doing the things hereinafter alleged were in part, acting within the scope and authority of such relationship, and in part, acting outside the scope and authority of such relationship, and as such each is responsible and liable in some manner for the occurrences herein alleged and were approximate cause of McDowell's damages as herein alleged.

5. Venue is proper in this judicial district because the complained of conduct occurred in this judicial district.

6. McDowell was hired on or about September 1969 and was employed by Defendant as a Locomotive Engineer.

7. McDowell developed a physical disability that limits a major life activity. At all times mentioned in this Complaint, Defendant was informed by McDowell of his disability and perceived that McDowell suffered from a physical disability.

8. McDowell suffered from a physical injury. McDowell notified Defendant on several occasions regarding the status of his physical disability.

9. McDowell asked Defendant for an accommodation relating to his disability and was terminated shortly thereafter by Defendant on or about November 3, 2014.

10. McDowell is informed and believes and thereon alleges that the Employer Defendants were at all times relevant California employers who employed more than five (5) people in the state of California and therefore are accordingly subject to the provisions of FEHA.

11. Plaintiff has duly complied with the requirements of the FEHA by filing charges of discrimination with the DFEH and obtained the requisite "Right to Sue" notice on or about December 8, 2014.

## FIRST CAUSE OF ACTION

**Failure to Accommodate in Violation of the FEHA**
**(Violation of *California Government Code* § 12940(m) et seq.)**

12. McDowell hereby re-alleges and incorporates by reference paragraphs 1 through 11, as though fully set forth herein again.

13. At all times mentioned in this Complaint, McDowell has been a person with a disability within the meaning of the FEHA, *California Government Code* §§ 12940 and 12926. McDowell was limited in his major life activities, had a record of such limitations, and was regarded by Defendant as having such limitations.

13. Defendant, through its agents, employees and supervisors, were placed on notice of McDowell's need for reasonable accommodation.

14. At the time this reasonable accommodation was requested, McDowell had the requisite skill, experience, education and other job-related requirements, and was fully qualified and capable of performing the essential functions of his position with an accommodation.

15. Having knowledge and notice of McDowell's disability, and having received a request for reasonable accommodation, Defendant had an affirmative duty to provide McDowell with such reasonable accommodation. Defendant willfully and unlawfully failed and refused to provide said accommodation.

16. As a direct, foreseeable, and proximate result of Defendant's acts, McDowell

suffered and continues to suffer, substantial losses in earnings, job benefits, humiliation, embarrassment, and emotional distress, the precise amount of which will be proven at trial.

17. As a result of the unlawful acts of Defendant, McDowell is entitled to recover attorney's fees and costs pursuant to *California Government Code* § 12965(b).

18. McDowell is informed and believes, and thereon alleges, that Defendant committed the acts described herein maliciously, fraudulently, and oppressively, with an improper and evil motive, thus entitling McDowell to recover punitive damages from Defendant in an amount according to proof at trial.

**SECOND CAUSE OF ACTION**

**Failure to Engage in the Interactive Process in Violation of the FEHA**
**(Violation of *California Government Code* § 12940(n) et seq.)**

19. McDowell hereby re-alleges and incorporates by reference paragraphs 1 through 18, as though fully set forth herein again.

20. Having been placed on notice of McDowell's disability and request for reasonable accommodation, Defendant had an affirmative duty to engage in a timely, good faith interactive process with McDowell to determine effective reasonable accommodations under *California Government Code* § 12940(n) ("FEHA"). Defendant failed to comply with this mandatory duty and thereby violated Plaintiff's rights under FEHA.

21. Despite McDowell's proactive efforts to consistently seek out his supervisor's to request accommodation, Defendant has persisted in its refusal to engage in an interactive process. As such, having been placed on notice of plaintiff's disability, Defendant failed to fulfill its affirmative duty to engage in the mandatory interactive process, in a timely, good-faith manner, or at all, in violation of *California Government Code* § 12940(n) ("FEHA")

22. As a direct, foreseeable, and proximate result of Defendant's acts, McDowell suffered and continues to suffer, substantial losses in earnings, job benefits, humiliation, embarrassment, and emotional distress, the precise amount of which will be proven at trial.

23. As a result of the unlawful acts of Defendant, McDowell is entitled to recover attorney's fees and costs pursuant to *California Government Code* § 12965(b).

24. McDowell is informed and believes, and thereon alleges, that Defendant committed

the acts described herein maliciously, fraudulently, and oppressively, with an improper and evil motive, thus entitling McDowell to recover punitive damages from Defendant in an amount according to proof at trial.

**THIRD CAUSE OF ACTION**
**Discrimination in Violation of the FEHA**
**(Violation of *California Government Code* § 12940(a) et seq.)**

25. McDowell hereby re-alleges and incorporates by reference paragraphs 1 through 24, as though fully set forth herein again.

26. *California Government Code Section* 12940(a) forbids an employer from discriminating against an employee because of a physical disability or because they are perceived to be physically disabled.

27. Despite *California Government Code* § 12940(a), Defendant discriminated against McDowell by terminating him because of his disability or his perceived disability and other conduct according to proof.

28. Plaintiff McDowell is informed and believes and thereon alleges that Defendant's conduct including, but not limited to, terminating him, was motivated by his physical disability or perceived physical disability.

29. As a direct, foreseeable, and proximate result of Defendant's acts, McDowell suffered and continues to suffer, substantial losses in earnings, job benefits, humiliation, embarrassment, and emotional distress, the precise amount of which will be proven at trial.

30. As a result of the unlawful acts of Defendant, McDowell is entitled to recover attorney's fees and costs pursuant to *California Government Code* § 12965(b).

31. McDowell is informed and believes, and thereon alleges, that Defendant committed the acts described herein maliciously, fraudulently, and oppressively, with an improper and evil motive, thus entitling McDowell to recover punitive damages from Defendant in an amount according to proof at trial.

**SIXTH CAUSE OF ACTION**
**Wrongful Termination in Violation of Public Policy**

32. McDowell re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 31, inclusive, as though fully set forth herein.

33. The public policy of the State of California, as expressed by the Legislature, the California Constitution, and the California Supreme Court, is to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination related to physical disability (See "FEHA").

34. Defendant deliberately, intentionally, and wrongfully terminated McDowell without just cause or reason and on the improper and illegal basis of his physical disability, as alleged herein.

35. McDowell is further informed and believes, and thereon alleges that Defendant intentionally, willfully, maliciously, and oppressively terminated McDowell, thus entitling McDowell to recover punitive damages from Defendant in an amount according to proof at trial.

36. McDowell is informed and believes, and thereon alleges, that as a result of his termination, has suffered injuries, including lost wages, the exact amount of which is unknown at this time, but which will be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, McDowell prays for judgment against the Defendants as follows:

### ON THE FIRST CAUSE OF ACTION

1. Judgment against Defendants for general damages according to proof;
2. Judgment against Defendants for special damages according to proof;
3. Judgment against Defendants for punitive damages according to proof;
4. Judgment against Defendants for attorney's fees and costs according to proof;

### ON THE SECOND CAUSE OF ACTION

5. Judgment against Defendants for general damages according to proof;
6. Judgment against Defendants for special damages according to proof;
7. Judgment against Defendants for punitive damages according to proof;
8. Judgment against Defendants for attorney's fees and costs according to proof;

### ON THE THIRD CAUSE OF ACTION

9. Judgment against Defendants for general damages according to proof;

10. Judgment against Defendants for special damages according to proof;

11. Judgment against Defendants for punitive damages according to proof;

12. Judgment against Defendants for attorney's fees and costs according to proof;

**ON THE FOURTH CAUSE OF ACTION**

13. Judgment against Defendants for general damages according to proof;

14. Judgment against Defendants for special damages according to proof;

15. Judgment against Defendants for punitive damages according to proof;

**ALL CAUSES OF ACTION**

16. Judgment against Defendants for reasonable attorney's fees, provided by law;

17. Judgment against Defendants for pre-judgment interests;

18. Judgment against Defendants for costs of suit incurred herein; and

19. Judgment against Defendants for such further relief as the court deems just and proper.

**REQUEST FOR A JURY TRIAL**

Plaintiff hereby demands a jury trial in this action.

Dated: December 17, 2014

Michael A. Gould
Aarin A. Zeif
GOULD AND ASSOCIATES
A Professional Law Corporation
Attorney for Plaintiff
Patrick McDowell